UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

THE SHYFT GROUP USA, INC.
a South Dakota Corporation,

   *Plaintiff*,

-vs-

SEATS, INC.,
a Wisconsin Corporation.

   *Defendant*.

Case No.:
Hon.:

## COMPLAINT

Plaintiff The Shyft Group USA, Inc. (hereinafter "Shyft") by its attorneys, McDonald Hopkins, PLC, and for its Complaint against Defendant Seats, Inc. (hereinafter "Seats"), states as follows:

## INTRODUCTION

1. Seats failed to properly manufacture a specific seat back pad (Part No. 13673767) (hereinafter "Seat Pads"), and delivered 5,551 defective Seat Pads to Shyft for installation in Shyft's customer's vehicles. Specifically, the Seat Pads did not comply with applicable product specifications, including those required to comply with Federal Motor Vehicle Safety Standard No. 202a - Head Restraints (hereinafter "FMVSS 202a"), which requires a maximum back set of less than 55mm. The back set of the Seat Pads delivered by Seats to Shyft measured 58.3mm

on average and, therefore, greatly exceeded the maximum back set allowed under FMVSS 202a. As a direct consequence of Seats' failure to deliver Seat Pads in conformance with its contractual obligations, including compliance with FMVSS 202a, a necessary recall ensued and Shyft was caused to incur significant and material costs and expenses for which it now seeks payment from Seats.

## PARTIES, JURISDICTION, AND VENUE

2. Shyft is a foreign corporation, incorporated and existing under the laws of the state of South Dakota.

3. Seats is a foreign corporation, incorporated and existing under the laws of the state of Wisconsin.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and there exists complete diversity between the parties.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. Shyft is a specialty vehicle manufacturer and assembler for the commercial vehicle industry, including the last-mile delivery, specialty service, and vocation-specific upfit segments.

7. Seats is a supplier to Shyft who manufactures and provides seating and accessory parts.

32090696.1

A. **Pertinent Contracts Between Shyft and Seats for Production of Seat Pads**

8.  Through multiple purchase orders (e.g. P616017; P636842; P637118), Seats agreed to produce, and Shyft agreed to purchase, the Seat Pads. *See attached selected Purchase Orders*, **Exhibit A.**

9.  Each purchase order expressly incorporated Shyft's Purchasing Terms and Conditions (hereinafter the "Terms and Conditions"). *See attached Terms and Conditions,* **Exhibit B.**

10. Pursuant to the purchase orders, Seats delivered a total of 5,551 Seat Pads to Shyft, which were subsequently installed in Shyft's customer's vehicles from January 26, 2021 to January 19, 2022.

11. By producing the Seat Pads, Seats performed under the purchase orders and thereby accepted the Terms and Conditions.

12. Under the Terms and Conditions, Seats provided the following express warranty that the Seat Pads would conform to applicable specifications and comply with all laws and regulations applicable to the parts:

> **10.  WARRANTIES.**
>
> **10.01** Seller warrants that during the Warranty Period all Goods will: . . .(b) *conform to applicable* drawings, *specifications*, statements of work, quality standards, and samples furnished by Buyer, or furnished by Seller and approved by Buyer in writing;. . . (d) *be selected, designed, manufactured, and assembled by Seller based upon Buyer's stated use of the Goods*, which Seller acknowledges Buyer has provided, and will be fit and sufficient for the particular purposes

intended by Buyer, which Seller acknowledges it understands; . . .(g) *comply with all laws and regulations applicable to such Goods.*
**Ex. B.** (Emphasis Added).

13. The Terms and Conditions also specified the following with regard to Seats' obligation to pay for the costs and expenses related to a recall – and Shyft's remedies in the event of a breach:

> **11.  PRODUCT RECALLS.** "**Recall**" means a determination by Buyer, whether voluntary or by order of a governmental authority or agency, to offer to owners, dealers, distributors, or other purchasers of the Goods remedial action in the form of repair, replacement, reimbursement, or repurchase of the Goods (or products into which the Goods have been incorporated) *to address a defect, quality concern, or failure to comply with Buyer's requirements.* Recall includes: (a) *those campaigns that offer to remedy defects related to motor vehicle safety or emissions or noncompliance with applicable safety or emissions regulations* in the jurisdiction in which the Goods are distributed;. . . . *Seller will be responsible for (or will reimburse Buyer for) all costs and expenses of any Recall to the extent caused or contributed by the Goods.* Seller will provide reasonable cooperation and support to Buyer as Buyer may request in connection with any Recall. . . .
> **Ex. B.** (Emphasis Added).

\* \* \*

**14.  REMEDIES FOR BREACH.** Buyer's rights and remedies under this Contract are cumulative with, and in addition to, all other rights and remedies of Buyer under applicable law or in equity.

**14.01** Without limiting the foregoing, in the event that any Goods fail to conform to the terms of this Contract, or if Seller breaches any of its obligations under this Contract, *Buyer will be entitled to recover from Seller all damages, costs, expenses, claims, and losses suffered by Buyer, including, without limitation, all direct, indirect, incidental, and consequential damages, and all legal and professional fees and costs, incurred by Buyer.* Buyer's damages may also include all of Buyer's

4

32090696.1

costs and expenses incurred with respect to or resulting from: . . . (b) conducting Recall campaigns or other corrective service actions;. . .
**Ex. B.** (Emphasis Added).

## B. Seat Pads Noncompliant with FMVSS 202a

14. Prior to the installation process, the Seat Pads were tested by Seats for compliance with FMVSS 202a.

15. FMVSS 202a requires that, for vehicles weighing less than 10,000 lbs., the back set of the seat pad be less than 55mm.

16. The original testing of the Seat Pads provided by Seats mistakenly confirmed the parts conformed to FMVSS 202a. *See attached MGA Research Corp. report dated 2/22/21*, **Exhibit C.**

17. Upon subsequent testing, which occurred following Seat's delivery of the Seat Pads to Shyft and Shyft's delivery of the Seat Pads to its customer, it was determined that Seats failed to properly manufacture the Seat Pads in conformance with applicable product specifications, including those required to comply with FMVSS 202a; specifically, the required maximum back set of less than 55mm was not met, and the actual back set average measurement was 58.3mm.

## C. Shyft Forced to Recall the Seat Pads

18. As a result of the testing results, a recall (22V-714) of the Seat Pads was necessary and pursued by Shyft.

19. As part of the recall, Shyft notified its customer that 5,551 vehicles had been installed with defective Seat Pads.

20. Seats provided a recall solution in the form of Part No. 1895589PS, which added spacers to the back of the seat and, when installed, allowed the seats to comply with FMVSS 202a.

21. In order to effectuate the recall, Shyft organized and implemented a recall strategy to locate and identify the affected customer vehicles, schedule visits, and, during off hours while the vehicles were not in use, make the required repairs/installations.

22. Shyft's customer required the recall to be completed on an expedited basis, by September 2022, so that the vehicles could be fully utilized without interference during Shyft's customer's peak season in the fall and winter of 2022.

23. In July 2022, Shyft offered Seats the opportunity to participate in the recall in order to mitigate any potential costs to both parties.

24. However, Seats declined to participate, leaving Shyft to solely implement the recall repairs on an accelerated timeline.

25. As a consequence, Shyft bore the complete operational and financial burden associated with the recall.

26. In short, Seats has breached its contractual and warranty obligations owed to Shyft under the purchase orders and the Terms and Conditions.

27. The direct and proximate cause of the recall – and resulting expenses to Shyft – was the failure by Seats to properly manufacture the Seat Pads in conformance with the Terms and Conditions, including, specifically, FMVSS 202a.

28. The recall caused Shyft significant actual and material damages, including, but not limited to, excessive labor and overtime costs, tool and material costs, shipping costs, and travel expenses.

29. As a result of Seats' conduct, Shyft has incurred damages in excess of $800,000.00.

## COUNT I – BREACH OF CONTRACT

30. Shyft realleges the foregoing paragraphs as if fully set forth herein.

31. Shyft and Seats entered into multiple valid contracts.

32. Specifically, through a series of purchase orders, including P616017, P636842, and P637118, Seats expressly agreed to, among other things, manufacture the Seat Pads in conformance with applicable product specifications, including those required to comply with FMVSS 202a.

33. Each purchase order expressly incorporated the Terms and Conditions.

34. By producing the Seat Pads, Seats performed under the purchase orders and thereby accepted the Terms and Conditions.

35. Under the Terms and Conditions, Seats provided an express warranty that the Seat Pads would conform to applicable specifications and comply with all laws and regulations applicable to the Seat Pads.

36. Moreover, Shyft's Terms and Conditions unequivocally require Seats to pay for all costs and expenses of any recall caused or contributed by the Seat Pads.

37. The Terms and Conditions provide Shyft specific remedies for a breach, including recovering all direct, indirect, incidental, and consequential damages, costs, expenses, losses, and all legal and professional fees and costs.

38. Seats has materially breached its contractual obligations and warranties under the contracts by, among other things, failing to properly manufacture the Seat Pads in conformance with applicable product specifications, including those required to comply with FMVSS 202a; and failing to pay for all costs and expenses of the recall caused by Seats' nonconforming Seat Pads.

39. Shyft has fulfilled all of its obligations under the contracts.

40. As a direct a proximate result of Seats' material breaches of its contractual obligations, Shyft has incurred significant damages, in excess of $800,000.00.

WHEREFORE Shyft Group, USA, Inc. respectfully requests this Honorable Court to enter a judgment in its favor and against Defendant Seats, Inc. in excess of

32090696.1

$800,000, in addition to pre-judgment interest, statutory interest, costs, and reasonable attorneys' fees.

## COUNT II – MISREPRESENTATION

41. Shyft realleges the foregoing paragraphs as if fully set forth herein.

42. Seats made material representations to Shyft regarding the Seat Pads.

43. Specifically, Seats represented that the Seat Pads conformed with applicable productions specifications, including those required to comply with FMVSS 202a.

44. The representations were false when made.

45. Seats knew the representations were false and or made the representations recklessly and or without knowledge of their truth; and as positive assertions.

46. Seats made the representations with the intention that Shyft would act upon them.

47. In reasonable reliance on Seats' representations, Shyft installed 5,551 Seat Pads in Shyft's customer's vehicles from January 26, 2021 to January 19, 2022, which were noncompliant with applicable product specifications, including those required to comply with FMVSS 202a.

48. As a result, Shyft has suffered significant damages.

WHEREFORE Shyft Group, USA, Inc. respectfully requests this Honorable Court to enter a judgment in its favor and against Defendant Seats, Inc. in excess of $800,000.00, in addition to pre-judgment interest, statutory interest, costs, and reasonable attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff Shyft Group USA, Inc. prays for judgment against Defendant Seats, Inc., as follows:

A.   Enter an Order granting Plaintiff Shyft Group USA, Inc. an award in its favor and against Defendant Seats, Inc. in excess of $800,000.00, in addition to pre-judgment interest, statutory interest, costs, and reasonable attorneys' fees.

B.   Such other and further relief, in law or equity, as this Court deems just and proper.

Dated: June 1, 2023                        Respectfully submitted,

**MCDONALD HOPKINS PLC**

By:   /s/Michael G. Latiff
     Michael G. Latiff (P51263)
     Mitchell A. Capp (P84197)
     39533 Woodward Ave, Ste 318
     Bloomfield Hills, MI  48304
     (248) 646-5070
     mlatiff@mcdonaldhopkins.com
     mcapp@mcdonaldhopkins.com
*Counsel for The Shyft Group USA, Inc.*